ANDREW K. COGSWELL

*v.*

J. ELMER STOUT.

1. If a prior mortgagee releases part of the mortgaged premises, to the prejudice of a subsequent encumbrancer or purchaser, with notice of such subsequent mortgage or deed, his release will operate as a discharge of his lien, to the extent of the value of the land released.

2. Actual notice need not be shown in such a case; it is enough if notice of sufficient facts out of which the subsequent equity arises, is brought home to the mortgagee to make it his duty to inquire before acting.

3. Mere possession, standing alone, without the mortgagee's knowing who has possession, and without notice of any facts which should provoke inquiry, will not amount to notice.

4. In the absence of express notice or anything to excite inquiry, a mortgagee has a right to presume that affairs remain as they were when his mortgage was executed, and that his mortgagor still continues to be the owner of the mortgaged premises.

5. As a general rule, a mortgagee is not chargeable with notice, by construction, of rights acquired in the mortgaged premises subsequent to the execution of his mortgage.

On petition, order to show cause and affidavits.

*Mr. E. W. Strong,* for motion.

*Mr. Andrew Kirkpatrick,* contra.

THE VICE-CHANCELLOR.

This is an application to open a final decree in order that a defendant may be let in to defend.   The applicant is

Cogswell v. Stout.

Sarah Hagaman. The equity upon which she desires to resist the complainant's right to relief is, that after part of the premises covered by the mortgage in suit had been conveyed to her, the complainant, with notice of her rights, released other portions of the mortgaged premises, and thereby deprived her of her right to compel resort first, and in exoneration of the part owned by her, to the parts released, for the payment of the mortgage debt. The rule is undoubted, that if a prior mortgagee releases part of the mortgaged premises, to the prejudice of a subsequent encumbrancer or purchaser with notice of such subsequent mortgage or deed, his release operates as a discharge of his lien, to the extent of the value of the land released. *Rielly* v. *Mayer*, 1 *Beas.* 59; *Van Orden* v. *Johnson*, 1 *McCart.* 376; *Harrison* v. *Guerin*, 12 *C. E. Gr.* 219.

The result of this application depends entirely on the question of notice. Was the complainant chargeable with notice of the defendant's rights at the time he executed the release? It is admitted that he did not have actual notice, but it is insisted that he had constructive notice. It is not disputed that the defendant, immediately after her purchase, took possession of that part of the mortgaged premises to which she had acquired title, and soon thereafter erected a house on it, which she has since occupied as a residence. This is her whole case. The notice she attempts to charge upon the complainant is such only as has arisen from her possession. She does not pretend that he actually knew she was in possession, nor does she attempt to show that any facts or circumstances came to his knowledge before he executed the release, which made it his duty to make inquiry as to the ownership of the mortgaged premises, and which, if pursued in good faith, would have led to notice of her rights.

Does the mere fact of possession, standing alone, without the mortgagee's knowing who has possession, and without notice to him of any facts which would provoke a just man to inquiry, constitute sufficient notice in such case? Actual

16

notice need not be shown; it is enough if notice of sufficient facts is brought home to the mortgagee to put ˙him upon inquiry. A mortgagee will not impair his lien by releasing a part of the mortgaged premises unless he knows. that his release must result in injury to rights acquired subsequent to the execution of his mortgage, or he has sufficient notice of the probable existence of such rights to make· it his duty to inquire and investigate before acting. *Blair* v. *Ward, 2 Stock. 126.*

Judge Hare, in his notes to the last edition of *Leading Cases in Equity ( Vol. 2, Part 1, p. 310)*, says: "The better opinion is, that the notice should be so far actual as to justify the inference that the mortgagee, in releasing, acted with a willful disregard of the purchaser's equity." If, in releasing, the mortgagee acts without knowledge of the purchaser's rights, and in good faith and with just intentions, he· has done all·that equity requires. *Cheeseborough* v. *Millard,. 1 Johns. Ch. 413.*

In *Hoy* v. *Bramhall, 4 C. E. Gr. 563,* the mortgagee admitted that, before he executed the release, he knew that the mortgagor had disposed of most of the mortgaged premises. Such knowledge came so near ˙actual notice as to leave, practically, no distinction between them. It was abundantly sufficient to charge the mortgagee with the duty of inquiry, and, of course, to make it the duty of the court. to deal with him as though he knew all he would have learned by a ˙proper pursuit of the inquiry. As a general rule, a mortgagee is not chargeable with notice by construction, of rights acquired in the mortgaged premises subsequent to his mortgage. The registration of a subsequent mortgage or conveyance does not operate as notice to him. *Blair* v. *Ward, 2 Stock. 119; Van Orden* v. *Johnson, 1 McCart. 376; Hoy* v. *Bramhall, 4 C. E. Gr. 563.*

It is difficult to perceive upon what ground it can be said that subsequent possession should have any greater effect in affording notice, as a matter of pure legal presumption, than subsequent registry. To make possession notice, it should

Cogswell *v.* Stout.

be contemporaneous. Although a mortgagee is bound to make himself acquainted with the condition of the premises when his mortgage is executed, he is not bound to continue his search subsequent to that period. *2 Lead. Cas. in Eq.* (*4 Am. ed.*) *272, 273.* In the absence of express notice or anything to excite him to inquiry, he has a right to presume that the condition of affairs, with respect to the mortgaged premises, existing at the execution of his mortgage, remains unchanged. He has a right to believe that the ownership of the premises continues in the mortgagor until he is definitely informed to the contrary. If a sale takes place, it is the duty of the purchaser to inform the mortgagee, and not the mortgagee to seek out the purchaser. This is the more true, because the one knows where to go, while the other has no clue. *2 Lead. Cas. in Eq.* (*4 Am. ed.*) *310; Taylor* v. *Maris, 5 Rawle 51.*

These citations make it perfectly clear, that before a mortgagee can be charged with notice of rights or equities arising subsequent to the execution of his mortgage, something more than a change in possession of the mortgaged premises must be shown. To deprive him of the right to surrender such part of his security as he may deem prudent and just under the circumstances, it must be shown that he knew his act would result in injury to some person who had subsequently become interested in the mortgaged premises, or that he would have had such knowledge, had he made the inquiry which the facts before him made it his duty to make, if he desired to avoid unnecessary wrong to another.

The application must be denied, with costs.